UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4571

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

RONALD CLAYTON SHAMBLIN, II,

Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-03-217)

Argued: October 28, 2005          Decided: November 23, 2005

Before LUTTIG, MOTZ, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** William Chad Noel, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellant. Donald Lee Stennett, Charleston, West Virginia, for Appellee. **ON BRIEF:** Kasey Warner, United States Attorney, Charleston, West Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This appeal was initiated by the Government and challenges the twelve-month prison sentence imposed on defendant Ronald Shamblin II in the Southern District of West Virginia on his conviction for conspiring to manufacture methamphetamine. Shamblin's sentence was imposed on June 30, 2004, following the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and before the Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). The Government contends that resentencing is mandated under Booker and its progeny. As explained below, we vacate Shamblin's sentence and remand.

I.

On September 16, 2003, Shamblin was indicted for conspiring to manufacture an unspecified quantity of methamphetamine, in violation of 21 U.S.C. § 846. On October 28, 2003, Shamblin pleaded guilty, without any plea agreement with the prosecutors, to the conspiracy offense charged. During his plea colloquy, Shamblin admitted guilt to the drug conspiracy by acknowledging his involvement in purchasing over-the-counter cold medicine he knew others would use to manufacture methamphetamine.

Shamblin's initial sentencing hearing was conducted by the district court on June 21, 2004. In accordance with the presentence report (the "PSR"), the court attributed to Shamblin

2

quantities of controlled substances sufficient to establish a base offense level of 34 under the United States Sentencing Guidelines Manual (the "Guidelines"). After imposing various sentencing enhancements and a reduction for acceptance of responsibility, the court arrived at a final offense level of 45, which was then reduced to 43, the maximum offense level provided for under the Guidelines. Although offense level 43 prescribed a life sentence for Shamblin, the governing statute for sentencing purposes, 21 U.S.C. § 841(b)(1)(C), provided that he could receive a maximum sentence of twenty years.[1] The court accordingly sentenced Shamblin to twenty years in prison.

On June 24, 2004, the Supreme Court rendered its decision in Blakely v. Washington, holding that the enhancement of Blakely's state sentence beyond the statutory maximum on the basis of a judicial finding of deliberate cruelty contravened his Sixth Amendment right to trial by jury. See 542 U.S. 296, 124 S. Ct. 2531, 2537-38 (2004). In so ruling, the Court re-affirmed the principle that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

---

[1] Pursuant to 21 U.S.C. § 846, the statute under which Shamblin was charged, the penalties spelled out in § 841(b), applicable to any person who commits a substantive controlled substances offense, apply also to a person who conspires to commit such an offense. See § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.").

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'"  124 S. Ct. at 2536 (quoting <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000)).  On June 29, 2004, Shamblin filed a motion in the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, seeking to correct his sentence, asserting therein that his twenty-year sentence was unlawful under <u>Blakely</u>.

On June 30, 2004, the sentencing court conducted a second sentencing hearing and issued its Memorandum Opinion and Order granting Shamblin's motion and imposing a corrected sentence of twelve months.  <u>See</u> <u>United States v. Shamblin</u>, 323 F. Supp. 2d 757 (S.D. W. Va. 2004) (the "Opinion").[2]  In so ruling, the court concluded that the relevant statutory maximum for <u>Blakely</u> purposes was the top of the applicable Guidelines range rather than the maximum penalty authorized by statute.  <u>Id.</u> at 766.  It further determined that, although <u>Blakely</u> precluded any increase in Shamblin's sentence based on facts found solely by the court, the Guidelines themselves remained the "law which binds [the] court in sentencing matters."  <u>Id.</u> at 767.  The sentencing court therefore operated under the assumption that the Guidelines were mandatory but that it was precluded from finding facts that increased

---

[2]Pursuant to Rule 35(a), a court must correct a clearly erroneous sentence within seven days (excluding, under Rule 45(a), weekends and holidays).  Not only did the court act within the period prescribed (the Opinion was issued on the seventh day), its Opinion contained a thoughtful explanation of its ruling.

4

Shamblin's sentence beyond the sentencing range established by the admitted facts. Based solely on the facts admitted by Shamblin in the plea colloquy — that he had purchased cold medicine in furtherance of the § 846 conspiracy offense — the Guidelines called for a maximum penalty of sixteen months. After awarding Shamblin an appropriate reduction for acceptance of responsibility, the Guidelines provided that he could receive a maximum sentence of twelve months. <u>Id.</u> at 766. Although the court believed Shamblin's twelve-month sentence to be the result of "an artificial application of the Guidelines" and to be "almost certainly inadequate" in Shamblin's case, it concluded that the twelve-month sentence was compelled by <u>Blakely</u>. <u>Id.</u> at 767, 768.

The Government timely noted its appeal of Shamblin's sentence, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.


II.

We review de novo questions of law. <u>United States v. Bursey</u>, 416 F.3d 301, 306 (4th Cir. 2005). A legal error is harmless only where we can conclude "with fair assurance . . . that the judgment was not substantially swayed by the error." <u>United States v. Curbelo</u>, 343 F.3d 273, 286 (4th Cir. 2003) (internal quotation marks omitted).

III.

By its appeal, the Government contends that the district court erred as a matter of law in treating the Guidelines as mandatory and in failing to make the factual findings required under the Guidelines. As explained below, we agree.

While this appeal was pending, the Supreme Court issued its decision in United States v. Booker, 125 S. Ct. 738 (2005). In Booker, the Court concluded, as did the sentencing court here, that the relevant maximum for Sixth Amendment purposes was the top of the applicable sentencing range, not the maximum penalty authorized by the relevant statute. Id. at 749-50. Thus, under the mandatory Guidelines regime, a Sixth Amendment violation occurs when judicial factfinding results in a sentence greater than the maximum justified only by the facts admitted by the defendant. Id. at 750. The Court's remedy, however, differed from that utilized by the sentencing court here. Instead of retaining the Guidelines' mandatory character and requiring jury determinations (or defendant admissions) of each fact supporting an enhancement, the Court determined that the Guidelines are advisory only. Id. at 757. In so ruling, the Court stressed that, while the Guidelines no longer carry the force and effect of law, a sentencing court is obliged to consider and be advised by the applicable Guidelines sentencing range and other statutory sentencing goals. See id. at 764-65 (citing 18 U.S.C. § 3553(a)).

6

In United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), we elaborated on the post-Booker obligations of a sentencing court. We explained that a sentencing court must "first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines," and then "consider that range as well as the other relevant factors set forth in the guidelines and those factors set forth in § 3553(a)." Id. at 546. Thus, Booker did not change the method by which a sentencing court calculates the applicable sentencing range under the Guidelines; it merely diminished the force and impact of the Guidelines.

With these principles in mind, it is evident that the district court committed two legal errors in sentencing Shamblin: (1) it treated the Guidelines as mandatory; and (2) it calculated the applicable Guidelines sentencing range based solely on the facts that Shamblin had admitted rather than on its own findings found by a preponderance of the evidence. Moreover, these errors were not harmless. Although the court remarked that the twenty-year sentence prescribed by the Guidelines, which it initially imposed on Shamblin, was too severe, it also characterized the twelve-month sentence imposed on Shamblin at his resentencing as "almost certainly inadequate." Shamblin, 323 F. Supp. 2d at 768. In these circumstances, we are unable to say "with fair assurance . . . that the judgment was not substantially swayed by the error," United States v. Curbelo, 343 F.3d 273, 286 (4th Cir. 2003) (internal

7

quotation marks omitted), and we are obliged to vacate and remand for resentencing.[3]

IV.

Pursuant to the foregoing, we vacate Shamblin's sentence and remand for resentencing.

VACATED AND REMANDED

---

[3]Finally, Shamblin contends that any sentence imposed on him beyond the twelve months authorized by his plea admissions would constitute a due process violation in the form of an impermissible ex post facto increase in his punishment. See Appellee's Supp. Br. 2-4. Because the district court has not addressed Shamblin's due process contention, we decline to reach it.